**SO ORDERED.**

**SIGNED this 15 day of June, 2011.**



_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| RONALD S. BRYANT | 11-02749-8-SWH |
| DEBORAH D. BRYANT | |
| DEBTORS | |

### ORDER DENYING APPLICATION TO EMPLOY COUNSEL

The matter before the court is the debtors' application to employ Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. as chapter 11 counsel. A hearing took place in Raleigh, North Carolina, on May 12, 2011. At the conclusion of the hearing, the court ruled from the bench to deny the application. As a result, and in order to provide for the debtors additional time in which to secure counsel, the deadlines to object to discharge, dischargeability, and exemptions were extended by separate order. This opinion provides the basis for the court's bench ruling.

Ronald S. Bryant and Deborah D. Bryant filed a petition for relief under chapter 11 of the Bankruptcy Code on April 7, 2011. The male debtor is the sole shareholder of TP, Inc., ("TP") which filed a petition under chapter 11 on March 1, 2010. Stubbs & Perdue, P.A. previously was approved as debtor's counsel in TP's case. The debtors jointly filed an application to employ

Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. as counsel in their individual case on April 12, 2011. The bankruptcy administrator filed an objection to that application on April 28, 2011.

In support of the application to employ, debtors state that Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. do not hold or represent an interest adverse to the estate and are disinterested within the meaning of § 327(a) of the Bankruptcy Code. In addition, debtors contend that if the application is not approved, the debtors will have difficulty providing a retainer to other counsel, and thus be unable to secure substitute counsel.

The bankruptcy administrator contends, citing §§ 327(a) and 327(c), as well as Rule 1.7 of the North Carolina Rules of Professional Conduct, that because an actual conflict of interest arises from the representation of debtors and TP by Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A., they hold an interest adverse to this estate, and are, in fact, not disinterested, and thus are ineligible for retention by the debtors.

## DISCUSSION

Section 327(a) of the Code sets out the criteria for the employment of debtor's counsel:

> [T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

A "disinterested person" is defined under § 101(14)(c) as one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, for any other reason." Furthermore, § 327(c) provides:

> A person is not disqualified for employment . . . solely because of such person's employment by or representation of a creditor, unless

2

> there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

Finally, the North Carolina Rules of Professional Conduct provide guidance to attorneys relating to conflicts of interest, specifically:

> [A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to another client; or
>
> (2) the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer.

Rule 1.7(a). Further qualifying the standard, Rule 1.7(b)(3) states, notwithstanding the existence of a conflict of interest under Rule 1.7(a), that the lawyer may represent a client if "the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal."

Obviously, these provisions limit the court's authority to approve the employment of professionals. The Fourth Circuit has held that a bankruptcy court's discretion is "carefully circumscribed" by the terms of § 327. Harold & Williams Dev. Co. v. U.S. Trustee, 977 F.2d 906, 909 (4th Cir. 1992). Standards set forth under §§ 327(a) and 327(c) are "congressionally established per se rules." Id. at 909. In fact, the latter constitute the "few absolute disqualifications Congress has established" when approving the employment of professionals and, as such, are standards that are "carefully delineated and narrowly tailored." Id. at 909-10. Once a trustee or debtor-in-possession meets the burden of showing that a professional is qualified under the provisions of

3

§ 327, the court must use its discretion in a way that "best serves the objectives of the bankruptcy system," which includes the "protection of the interests of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding." Id. at 910. The inquiry by necessity becomes very fact-specific. See, e.g., In re Atlantic Facilities, LLC, 2010 WL 1780299 *2 (Bankr. E.D.N.C. 2010) (noting that an attorney's "representation of both a debtor and the guarantor of the debt does not create a per se conflict," and instead a "factual inquiry is necessary to examine the propriety of the arrangement").

General evidence of counsel's disinterestedness will not form the basis for a proper exercise of the court's discretion. See In re Seminole Oil & Gas Corp., 963 F.2d 368 (4th Cir. 1992). In the context of dual representation of both a principal of a corporation and said corporation (e.g. when the corporation's sole member/manager was and continues to be represented by counsel to the said corporation in legal matters), the Fourth Circuit has found that clear entanglements may arise, in which case the two-prong requirements of § 327(a) are not met. Indeed, dual representation may be a breeding ground for precisely the conflicts of interest disallowed under § 327(c). See In re Wynne Residential Asset Mgmt., LLC, 2009 WL 5169371 (Bankr. W.D.N.C. 2009) (stating flatly that "[s]imultaneous representation of a DIP and its owner(s) or its management is not permitted in Chapter 11"); In re Wiley Brown & Assoc., LLC, 2006 WL 2390290 at * 4 (Bankr. M.D.N.C. 2006) (holding that conflict of interest precluded attorney from representing both debtor and an owner of the debtor, due in part to fact that owner was guarantor of debtor's largest debts). Where there are numerous, apparent conflicts, even if the court were to give the debtors and proposed counsel the benefit of every doubt, many courts conclude that the cumulative effect of even "potential" conflicts of interest are of such significance and scope that the individual debtor and corporate debtor must

4

each retain separate counsel. <u>See, e.g.</u>, <u>In re Straughn</u>, 428 B.R. 618, 627 (Bankr. W.D. Pa. 2010) (holding that the "efficiency and economy that may favor multiple representation must yield to the competing concerns affecting fairness to all parties involved and in protecting the integrity of the bankruptcy process"). <u>Id.</u> at 627.

That said, the determination of whether a conflict exists is determined not by any bright line, but rather on the facts of each case. <u>Harold & Williams</u>, 977 F.2d at 909-10; <u>see also</u> <u>In re Rabex Amuru of N.C., Inc.</u>, 198 B.R. 892, 895 (Bankr. M.D.N.C. 1996) (noting that the "use of per se rules in this Circuit for evaluating disinterestedness is discouraged). In this case, the court agrees with the bankruptcy administrator that numerous financial entanglements between the male debtor and the corporate entity, TP, indicate that a conflict of interest would exist if counsel were to represent both parties. Specific evidence of counsel's lack of disinterestedness was presented by the bankruptcy administrator. In particular, Mr. Bryant serves as the 100% shareholder of TP, is a creditor of the corporate debtor, and is a co-debtor or guarantor (and, thus, jointly liable) on the majority of the TP's obligations. The debtors have a claim against TP and, conversely, TP has a claim against the male debtor. It is undisputed that Mr. Bryant collected monies owed to the corporate debtor and used them to pay personal debts during the chapter 11 case. As of the date of the hearing in this matter, Stubbs & Perdue, P.A. had not withdrawn from representing TP.

Even if such a withdrawal does occur, the former representation of TP would continue to constitute a conflict of interest. Counsel has fiduciary obligations to clients as set forth by Rule 1.7 of the North Carolina Rules of Professional Conduct. Those obligations may place counsel in the unenviable and improper position of having to discharge an obligation to one client to the prejudice of the other. For instance, counsel may be requested by the trustee in the TP case to disclose

information that would detrimentally affect the individual's defense of actions brought by the trustee against him.  Further complications arise if the trustee must obtain information for the estate from the attorney for the debtor – resulting in a potential conflict in the male debtor's individual bankruptcy matter.

Although the financial difficulty in obtaining new counsel is indeed a concern worth noting, the debtors' claim of a present inability to do so does not eliminate the outright conflict of interest set forth under § 327.  There is no "financial necessity" exception set forth in that section.

Based on the foregoing, and pursuant to § 327 as well as Rule 1.7 of the North Carolina Rules of Professional Conduct, the court finds that representation by TP's counsel of both TP and the debtors would create an actual conflict of interest.  Accordingly, as the court announced at the hearing, the debtors are allowed 45 days from May 12, 2011, in which to obtain new counsel.  This additional time, coupled with the guidance offered by Stubbs & Perdue, P.A., should be adequate to obtain new counsel.  If new counsel is not obtained within that period, the court will entertain motions to dismiss or for the appointment of a trustee.  On those bases, the debtors' application to employ Trawick H. Stubbs, Jr. and Stubbs & Perdue, P.A. was **DENIED.**

    **SO ORDERED**.

**END OF DOCUMENT**